UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

BENJAMIN M. LAWSKY, SUPERINTENDENT,

                Plaintiff,

     -against-                                  14 Civ. 2863 (CM)

CONDOR CAPITAL CORPORATION AND
STEPHEN BARON,

                Defendants.

---------------------------------------------------------------x

## ORDER DENYING FURTHER MODIFICATION OF TRO

McMahon, J.:

This court was prepared to hear the Superintendent' motion for a preliminary injunction on April 29, 2014.

Defendants' counsel admitted to failing to file responsive papers opposing that motion on the schedule set by the Part I Judge last week.

In order to avoid defaulting on the motion (which would have led to the immediate entry of the preliminary injunction requested by the Superintendent), Defendants' counsel consented, in a telephone conference with this court at 5:30 PM on April 28 (at which time there were still no responsive papers available), to extend the TRO until May 12, 2014, at which time the motion for a preliminary injunction could be heard. (Docket #19).

This morning I find in my mail box letters from counsel for both sides (Docket # 20, 22). Defendants want to have a hearing to further modify the terms of the TRO because of "new operational issues" that have arisen "since April 25," when the TRO was last modified. The Superintendent opposes any further modification of the TRO.

No "new operational issues" were mentioned during the telephone conference on April 28, when counsel consented to the extension of the TRO in order to avoid defaulting on the preliminary injunction motion. Nor was any effort made to get in touch with the court during the

business day on April 28 in order to discuss these "issues," even though counsel knew that the court was leaving the country on April 29.[1]

I have carefully reviewed the terms of the TRO and the subsequent modification, both ordered by Judge Wood last week in Part I. I disagree with the Superintendent that the modification prohibits Condor from paying its employees (other than Stephen Baron) this week. Condor has not been closed down, and its employees are entitled to be paid for their services. The April 25 modification, correctly read, permits Condor to pay the individuals identified in Exhibit A (other than Baron) amounts no larger than they were paid on the last payroll date prior to April 25 pending the hearing on the Superintendent's motion for a preliminary injunction. Condor is thus authorized to "make payroll" to Exhibit A employees other than Baron until the hearing takes place on May 12. Counsel for the Superintendent also consented to the hearing date extension, so the Superintendent has no cause to complain if Condor's employees are paid *pendent lite*.

However, it does not seem to me that any "new operational issues" have arisen. Rather, it is clear from the section of the April 24 letter at docket #20 that Condor simply wants to reargue for proposed modifications to the TRO that were disallowed by Judge Wood last Friday. The "new issues" identified in that letter are not new at all.

For example, Condor says that the TRO prohibition on new loan origination has caused it to lose business and to lay off workers. But the prohibition on new loan origination is the essence of the TRO, as it would be the essence of the preliminary injunction were one to issue. The consequences of not originating new business were foreseeable; had Condor wished to ameliorate them, it should have timely responded to the Order to Show Cause, as directed by Judge Wood.

Similarly, the prohibition on the transfer of funds (which is "preventing" Condor from sending out "refund checks") is a necessary emergency remedy to prevent possible fraudulent transfers that might later have to be recovered, in time-consuming and expensive proceedings. This court has already been contacted by a representative of one of Condor's lenders (whom we have advised to move for leave to intervene if their interests require protecting); obviously, there are third parties out there who have an interest in the disposition of Condor's assets.

In short, Condor simply will not be able to do "business as usual" until the court has considered and ruled on what, on the present record, appears to be a strong application for injunctive relief. Judge Wood concluded that the Superintendent had demonstrated that the sort of modifications Condor seeks were not consistent with the public interest (See Ex. B to the

---

[1] Condor filed its letter at 2:31 PM via ECF. Even given my repeated admonition to counsel during our telephone conference to file courtesy copies of papers with chamber, Condor did not fax a copy of its letter to chambers, which is the procedure outlined in my rules, and which is the only way a letter filed on ECF would come to my attention prior to the following day.

Letter at Docket #20), and Condor thereafter consented to the extension of the TRO. This court will not entertain any further effort to vacate it on a piecemeal basis.

The TRO will remain in place as it stands until the hearing on May 12, 2014. I recognize that Condor is operating under difficult circumstances, with its offices "occupied" by personnel from the Superintendent's office, but Condor will have to continue to operate in that fashion until such time as we hold the hearing. The Superintendent appears amenable to modifying its oversight function in order to shield attorney-client communications in an appropriate manner, and this court will endorse any mutually agreed-upon changes to the TRO upon my return. In this regard, the requests made by the Superintendent (detailed at the bottom of page 2 and the top of page 3 of the letter at Docket #22) seem perfectly reasonable; if Condor wants to obtain modifications of the TRO in order to carry on some of its with business activities, it should answer the Superintendent's questions.

Should Condor attempt to approach another judge of this court during my absence to try a third bite at the apple, I assume this order will be made available to that judge.

Dated: April 30, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL