UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

BENJAMIN M. LAWSKY, Superintendent of Financial   :
Services of the State of New York,

                                                :       14 Civ. 2863 (CM)

                              Plaintiff,     :

                                                  :

                     -against-      :

                                                  :

CONDOR CAPITAL CORPORATION and STEPHEN   :
BARON,

                                                  :

                            Defendants.  :

---------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## WELLS FARGO BANK, N.A.'S EMERGENCY MOTION TO INTERVENE

Harris N. Cogan
Michelle Gitlitz Courtney
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

Proposed intervenor Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Preferred Capital, Inc., formerly known as Wells Fargo Financial Preferred Capital, Inc., as agent ("Wells Fargo" or "Agent") for certain financial institutions as lenders (the "Lenders"), by its attorneys, Blank Rome LLP, submits this memorandum of law in support of its Emergency Motion To Intervene pursuant to Federal Rule of Civil Procedure 24 in the above-captioned proceeding.

## PRELIMINARY STATEMENT

Over the course of the past week, the Superintendent of Financial Services of the State of New York ("Plaintiff" or the "Superintendent") sought and received an *Ex Parte* Temporary Restraining Order and Order to Show Cause For Preliminary Injunction (the "TRO"), which among other things, froze the bank accounts of defendant Condor Capital Corporation ("Condor"), sought the imposition of a receiver over the operations of Condor and all of its assets, and requested the ability to use Condor's assets to pay for the receiver and its costs. In response, Condor sought and received a modification to the TRO, permitting it to disburse certain specified payments for, among other things, payroll. Additionally, Condor is seeking the imposition of a monitor as an alternative to a receiver. The source of the funds which will be used to pay for a receiver or monitor, as well as any additional expenditures, is the collateral pledged by Condor to Wells Fargo.

The motion for appointment of a receiver was adjourned by Judge McMahon from April 29, 2014 to May 12, 2014. When Wells Fargo's counsel sent a letter to Judge McMahon requesting to be heard at the anticipated April 29, 2014 hearing, Judge McMahon advised of the adjourned date and that a motion for intervention should be filed. That motion must be heard as soon as possible, but not later than May 12, 2014, so that Wells Fargo's and Lenders' interests

116549.01051 7385268v.3

can be presented and protected at any hearing. The required 14 day notice for motions must therefore be shortened.

Accordingly, as set forth below and in the accompanying affidavits of Harris N. Cogan ("Cogan Aff.") and Thomas M. Romanowski ("Romanowski Aff."), Wells Fargo respectfully requests that it be permitted to immediately intervene in this action in order to protect its property rights reflected by its valid and perfected first priority liens and security interests in all or substantially all of Condor's assets. Defendants have consented to our request and Plaintiff has not advised of its position.

## PROCEDURAL HISTORY AND BACKGROUND

On April 23, 2014, the Superintendent filed a Complaint alleging among other things that Condor and Stephen Baron, the sole owner of Condor and its chief executive officer, "wrongfully retained customers' positive credit balances" and "endangered the security of its customers' personally identifiable information." (Complaint ¶1, 3.)

That same day, Plaintiff sought and obtained a TRO enjoining Defendants from their ongoing violations of law, freezing Condor's assets, restraining Defendants from destroying evidence, and giving the Superintendent immediate access to Condor's premises, documents, books, and records. The Superintendent also asked the Court to order Defendants to show cause why a receiver for Condor should not be appointed in order to take possession of and manage Condor's assets, potentially wind down Condor's business, and to make restitution to its wronged customers. The hearing on the Superintendent's request for the appointment of a receiver currently is scheduled for May 12, 2014 before Judge McMahon.

2

On April 25, 2014, Defendants sought modifications to the TRO and the Court granted the request in part, authorizing disbursements for payroll (except to Stephen Baron) and to service existing loans.

Wells Fargo, Lenders and Condor are parties to a Loan Agreement, whereby Lenders made certain loans and advances and provided other financial accommodations from time to time to Condor. *See* Romanowski Aff., ¶ 4.  As of April 30, 2014, the principal amount of the obligations owing by Condor to Lenders under and in connection with the Loan Agreement is $261 million plus continually accrued, accruing or chargeable interest, fees, costs and expenses. *See* Romanowski Aff. at ¶ 5.  These obligations are secured by a first priority lien on and security interest in all or substantially all of Condor's assets, including without limitation, all consumer loans, chattel paper, instruments, deposit accounts, books and records and cash and non-cash proceeds with respect thereto [including amounts deposited into the deposit account with Citibank N.A. (the "Citibank Account") subject to the Control Agreement]. *Id.*, ¶ 6. Various Events of Default and Defaults have occurred and remain outstanding under the Loan Agreement. *See id.* at ¶ 7.

As a result of the TRO, the Citibank Account is frozen, and no withdrawals or transfers are permitted excepted as directed by the Court on April 25, 2014.

## ARGUMENT

### I.     Wells Fargo Is Entitled To Intervene As Of Right Under Rule 24(a).

Rule 24(a)(2) provides that the Court must permit intervention as-of-right if the movant files a timely motion and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

3

represent that interest." Fed. R. Civ. P. 24(a)(2). To satisfy the liberal standard for intervention as-of-right, Wells Fargo must show that: (1) its motion is timely; (2) it claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of its interest may as a practical matter be impaired by the disposition of the action; and (4) its interest is not adequately protected by an existing party. *In re the Bear Stearns Co., Inc. Sec., Derivatives, and ERISA Litig.*, 297 F.R.D. 90, 96 (S.D.N.Y. 2013) (granting a motion to intervene) [citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n. Inc.*, 471 F.3d 377, 389 (2d Cir. 2006)]. Wells Fargo satisfies this burden.

### A.    Wells Fargo Has Timely Moved To Intervene.

The determination of timeliness is committed to the discretion of the trial court and must be based on all of the circumstances of the case. *Dow Jones & Co. v. U.S. Dept. of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995) [citing *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric & Mkts.*, 847 F.2d 1028, 1043-44 (2d Cir. 1988)]. Factors that a court may consider when determining timeliness include: "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to applicant if the motion is denied; and (4) presence of unusual circumstances militating for or against a finding of timeliness." *Bear Stearns*, 297 F.R.D. at 96 [quoting *U.S. Polo Ass'n., Inc. v. PRL USA Holdings, Inc.*, 09-CIV-9476, 2013 WL 837565, *7 (S.D.N.Y Mar 6, 2013)].

Wells Fargo is moving to intervene within one week of the filing of the Complaint and entry of the TRO and within days of Judge McMahon directing Wells Fargo to do so if it wished to be heard in this matter. Accordingly, there can be no question that Wells Fargo's motion – at this nascent stage of the litigation – is timely, and that no party will be prejudiced by the timing

4

of the motion. *Werbungs Und Commerz Union Austalt v. Collectors Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (although the movant was involved in the litigation for two years, its motion to intervene was timely because it did not have a direct interest in the action until a party moved to compel payment of a bond secured by the movant); *Pereira v. Nat'l Union Fire Ins Co. of Pittsburgh, Pa.*, 2006 WL 31131982789, *10 (S.D.N.Y. July 12, 2006) (motion to intervene filed nearly two years after commencement of the action was timely where intervenors were not aware of their direct interest in insurance proceeds until another case against them was remanded); *Citizens Against Retail Sprawl v. U.S. Army Corps of Engineers*, 2007 WL 2778605, *2 (W.D.N.Y. Sept. 18, 2007) (motion to intervene was timely where the intervenors' interest in the land that was of subject of the litigation was not in jeopardy until the court issued a stay); *Underwood v. State of N.Y. Office of Court Admin*, 1983 WL 504 (S.D.N.Y. Apr. 29, 1983) ("the point to which suit has progressed" is a factor in determining whether the motion is timely). Indeed, as stated previously, Defendants have already consented to our request, and Plaintiff has not raised any objection since our April 28, 2014 request. Therefore, because this motion has been filed at the earliest possible juncture, Wells Fargo satisfies the "timeliness" prong for intervention.

**B.     Wells Fargo Has An Interest In Condor's Assets, Including The Citibank Account, That Are Subject To The TRO And The Proposed Receivership Order.**

Similarly, there should not be any dispute that Wells Fargo has an interest in the property subject to the TRO. In order to meet its obligation under Rule 24(a), Wells Fargo must demonstrate that the interest is "direct, substantial, and legally protectable." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 193 n. 2. (2d Cir. 1978). Here, Condor's assets (including specifically the cash and non-cash proceeds thereof and the Citibank Account) are addressed in both the TRO

5

and the proposed Receivership Order. Under both orders, Condor's assets are frozen, and under the Receivership Order, the receiver would also have the authority to take possession of and potentially make payments and disbursements out of the Citibank Account. *See*, TRO, Dkt. No. 4 at ¶ 17(a); TRO, Dkt. No. 4, Ex. A at ¶ 9 (Proposed Receivership Order). Additionally, Condor has proposed the imposition of a monitor as an alternative to the receiver. Under Condor's proposal, the funds to cover this cost would also come from the Citibank Account.

Wells Fargo has a direct, substantial and legally protectable interest in Condor's assets because the assets are, pursuant to the Loan Agreement, collateral for the obligations by Condor owing to Wells Fargo and Lenders. *See* Romanowski Decl., at Ex. A. Wells Fargo is the holder of a perfected first priority lien on and security interest in all or substantially all of Condor's assets. *See id.* at ¶ 6, Ex. Q. As a result of the TRO and Events of Default, Wells Fargo and Lenders are currently deprived of their contractual and legal right to, among other things, receive payments due and owing to them under the Loan Agreement and foreclose on Condor's collateral. If a receiver is appointed, the receiver will take over the day-to-day operations of Condor's business and conduct an investigation into Defendants' alleged wrongdoing, and is likely to seek to utilize Wells Fargo's collateral to fund its investigation and any further business operations. Similarly, if a monitor is appointed, Condor will seek to utilize Wells Fargo's collateral to fund the entire cost of the monitor.

Accordingly, Wells Fargo has met its burden to demonstrate a direct, substantial, and legally protectable interest in the assets subject to the TRO.

### C.   **Wells Fargo's Rights May Be Impaired If It Is Not Permitted To Intervene.**

The third requirement – impairment – creates a "minimal burden" on the movant as Rule 24(a) permits intervention by anyone who might be "practically disadvantaged" by the

6

disposition of the action. *WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192 (10th Cir. 2010); see also *In re Oceana Intl., Inc.*, 49 F.R.D. 329, 332 (S.D.N.Y. 1970) [citing *Nuesse v. Camp.*, 385 F.2d 694, 702 (D.C. Cir. 1967)]; *Maryland Cas. Co. v. W.R. Grace & Co.*, 1996 U.S. Dist. LEXIS 868, at *6 (S.D.N.Y. Jan. 29, 1996); 7C Wright, Miller and Kane, *Federal Practice and Procedure*: Civil 3D § 1908.2. The impairment element does not require the would-be intervenor to go so far as to show that *res judicata* principles would affect any later suit it might bring. *Grace*, 1996 U.S. Dist. LEXIS 868 at *6. Rather, Rule 24(a) is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest. *Id.* That is the exact situation presented here.

As stated previously, under the Orders, Condor's assets are frozen, and no withdrawals or transfers are permitted from the Citibank Account. *See* Dkt. No. 4 at ¶ 17(a); Dkt. No. 4 at Ex. A, ¶ 9. As a result, Wells Fargo is precluded from accessing the collateral to which it has a first-position lien and legal right. Further, under the Receivership Order, the Receiver would have the authority to make payments and disbursements from the Citibank Account to fund its actions. *See* Docket No. 4 at Ex. A, ¶ 9(k). Similarly, under Condor's monitor proposal, Condor would have to fund the monitor and its costs from the Citibank Account.

Accordingly, if it is not granted permission to intervene, Wells Fargo has no standing to be heard to protect its rights and interests in Condor's collateral, including the Citibank Account.

### D. The Named Parties Cannot Adequately Represent Well Fargo's Interests.

Over the past week, neither party has brought to the Court's attention Wells Fargo's perfected first priority liens on and security interests in all or substantially all of Condor's assets and there are no provisions in the TRO designed to protect Wells Fargo's and Lenders' position. This evidences the fact that Wells Fargo's interests are not adequately represented by the named

parties. Wells Fargo's burden on this final element "should be treated as minimal." *Louis Berger Group, Inc. v. State Bank of India*, 802 F.Supp.2d 482, 487-488 (S.D.N.Y. 2011) (quoting *Dow Jones*, 161 F.R.D. at 254). Indeed, Wells Fargo need only show that the representation of its interests "may be" inadequate. *Miller v. Silbermann*, 832 F.Supp. 663, 672 (S.D.N.Y. 1993) [citing *CBS, Inc. v. Snyder*, 798 F. Supp. 1019 (S.D.N.Y. 1992), *aff'd*, 989 F.2d 89 (2d Cir. 1993)].

Simply stated, neither Condor nor the Superintendent has Wells Fargo's interests in mind. Condor, in consenting to our request, has already acknowledged as much and cannot credibly argue that it has the same interest and priority as its lender (Wells Fargo) in monitoring and preserving the collateral for the benefit of its secured lender. The Superintendent and/or a potential receiver may also not have the same interests as Wells Fargo in protecting Wells Fargo's collateral. The Superintendant, in seeking a receiver, has stated that he intends to use the money in the Citibank Account to fund his investigation and potential liquidation of Condor. Any dissipation of Wells Fargo's collateral is certainly against Wells Fargo's interests.

Moreover, Courts have permitted even *unsecured* creditors intervention as-of-right, where the assets at issue were unlikely to be sufficient to satisfy all creditors. *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983). Where there are parties' rights and security interests in the assets in question – such as Wells Fargo has here - the case for intervention is even stronger. *See SEC v. Credit Bancorp., Ltd.*, 194 F.R.D. 457, 461 (S.D.N.Y. 2000) ("to the extent that the Receiver has the interests of all in mind, he is the adversary of the individual customer – whose concern is only for the return of his deposits . . . Like the Receiver, the [plaintiff's] broader mission may well mean that it will take positions hostile to those of

individual investors.")  Accordingly, Wells Fargo has more than "minimally" shown the inadequacy of representation.

Therefore, because Wells Fargo has demonstrated that it satisfies all four prongs for intervention as-of-right under Rule 24(a), the Court should grant this motion and permit Wells Fargo's intervention.

## II.    Alternatively, Wells Fargo Should Be Granted Permissive Intervention Under Rule 24(b).

Assuming *arguendo* that the Court denies Wells Fargo's request for as-of-right intervention, the Court should grant our request under Rule 24(b)'s "permissive intervention", whereby intervention is permitted by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Under Rule 24(b), the Court is required to take under consideration the previously detailed Rule 24(a) relevant factors:  "'the nature and extent of the intervenors' interests,'" the degree to which those interests are "'adequately represented by other parties,'" and "'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) [quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)].

The Court's discretion under Rule 24(b) is very broad, *id.*, and in determining whether the movant has a claim or defense in the action, the Court should "only require some interest on the part of the applicant."  *Dow Jones*, 161 F.R.D. at 254 [citing *Brooks v. Flagg Bros. Inc.*, 64 F.R.D. 409 (S.D.N.Y. 1974)]; 3B Moore's Fed. Prac. (2d ed.) ¶ 24.20[2].  The Court should also consider whether intervention would unduly delay or prejudice the adjudication of the original parties' rights.  *Id.*

As previously discussed, Wells Fargo meets all of the requirements for intervention as-of-right, and therefore also meets all of the requirements for permissive intervention: Wells Fargo has an interest in the case – Condor's assets (subject to Wells Fargo's security interests), including the Citibank Account, are subject to the TRO, the proposed Receivership Order, and Condor's proposal for a monitor; that interest could be substantially impaired if Wells Fargo is not permitted to intervene; and Wells Fargo's interests are not adequately represented by any of the parties. Further, because this case is in its infancy, adjudication will not be delayed and the parties will not be prejudiced by Wells Fargo's intervention. Therefore, for these reasons, Wells Fargo should also be permitted to intervene permissively under Rule 24(b).

10

## CONCLUSION

For all of the reasons stated herein, Wells Fargo respectfully requests that its motion be

granted and that it be permitted to intervene in this matter.

Dated: New York, New York
        May 2, 2014

**BLANK ROME LLP**

By: _____

Harris N. Cogan
Michelle Gitlitz Courtney
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

*Attorneys for Proposed-Intervenor*
*Wells Fargo Bank, N.A.*
