**Katten**

Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax
www.kattenlaw.com

LEAH MARY CAMPBELL
leah.campbell@kattenlaw.com
(212) 940-6540 direct
(212) 940-8776 fax

May 7, 2014

**VIA ELECTRONIC FILING & HAND**

Honorable Colleen M. McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lawsky v. Condor Capital Corporation and Stephen Baron,* No. 14 Civ. 2863 (CM)

Dear Judge McMahon:

    This firm represents Defendants Condor Capital Corporation ("Condor" or the "Company") and Stephen Baron (together with Condor, "Defendants") in the above-captioned matter. We respectfully submit this letter in response to the May 7, 2014 letter submitted to Your Honor by counsel for Plaintiff, the Department of Financial Services of the State of New York ("DFS").

    Since the April 23, 2014 temporary restraining order ("TRO") was issued *ex parte*, Condor and its employees have suffered a devastating series of consequences, some of which appear to have taken even DFS by surprise. For example, because the TRO suspended new loan origination, Condor had to suspend the 43 employees out of a company of roughly 116 employees. Despite the fact that the TRO was modified on April 25, 2014 to permit Condor to pay its remaining employees, the freezing of Condor's bank account has made it nearly impossible for those employees to see their checks honored. Many of the employee still have not been able to cash their paychecks, and we are working with the Condor's bank and its payroll vendor consistently to get the employees paid.

    The TRO has also harmed Condor customers: the freeze of Condor's bank accounts prevents some customers from making automatic payments, and it prevents Condor from paying others more than $300,000 in refunds to Condor customers. At the same time, Condor lost the ability to issue an estimated 500+ loans to borrowers who might have no other source of credit.

    The Superintendent has had ample opportunity to seek new counsel to deal with the conflict with Wells Fargo and Bank of Montreal -- certainly more opportunity than it gave to Condor before seeking the suspend vital parts of Condor's business and causing this harm. The relationship between Condor and the interveners, moreover, cannot be a surprise to DFS: Condor's line of credit with Wells Fargo and Bank of Montreal has been in place for many years, during which time DFS and its predecessors conducted regular audits of Condor.

Hon. Colleen McMahon
Page 2

      These circumstances have been devastating to Condor's business and its employees, and Condor will be extremely prejudiced by any further delay. For these reasons, Condor cannot consent to adjourn the May 12, 2014 hearing, and it objects to any relief that causes any delay of that hearing.

                      Respectfully submitted,

                      Leah Mary Campbell

cc: All counsel of record