UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x

BENJAMIN M. LAWSKY, Superintendent of
Financial Services of the State of New York

      Plaintiff,

      -against-                                    14 Civ. 2863 (CM)

CONDOR CAPITAL CORPORATION and
STEPHEN BARON,

      Defendants,

      -and-

WELLS FARGO BANK N.A., as Agent,

      Intervenor.
———————————————————————— x

**RESPONSE TO LETTER FROM FRIEDMAN KAPLAN DATED 5/7/2014**

McMahon, J.:

      I have just received a letter from Friedman Kaplan Seiler & Adelman, counsel for the Superintendent, asking for an extension of time to respond to the Court's order of yesterday, in which I (1) conditionally granted Wells Fargo's motion for leave to intervene, and (2) asked that both parties, but especially the Superintendent, address several issues concerning the rights of Condor's lenders in the context of this lawsuit, which seeks the appointment of a Receiver to supervise the wind-down of the company's business.

      It seems that Friedman Kaplan has a conflict of interest, because it represents Wells Fargo and Bank of Montreal (another member of Condor's lending syndicate) in other, unrelated matters. The bank clients will not consent to the firm's representing the Superintendent against their interests in this matter. Friedman Kaplan describes what the banks will permit as "limited consent," which allows it to represent him against Condor and Mr. Baron. But it is apparent that Condor's secured lenders and the Superintendent hold wildly differing positions with respect to what to do about Condor. Given the banks' refusal to allow Friedman Kaplan to argue against their interests, I cannot see how Friedman Kaplan can come in next week and argue in favor of the injunction the Superintendent is seeking. Indeed, the banks have already made it crystal clear

that they oppose the injunction the Superintendent is seeking; that was the basis of Wells Fargo's motion for leave to intervene. It would violate the terms of the "limited consent" for Friedman Kaplan to make arguments that might lead to an injunction that would have detrimental effects on its pre-existing clients. So Friedman Kaplan is obviously going to have to be relieved, immediately.

I am curious as to how this situation could have been allowed to arise. I know that conflict checking is more of an art than a science, but it cannot possibly have been a secret that Condor had secured lenders – the Superintendent and his staff must have known that. Furthermore, I would imagine that the Superintendent, his staff and his outside counsel probably intuited that the Lenders' interests might well diverge from the Superintendent's interests (or, more properly, from the interests the Superintendent is trying to protect by way of this lawsuit). All this could have been sorted out before this lawsuit was filed.

But assuming that it could not have been sorted out earlier, it seems to me that it has taken an inordinately long time to get the issue resolved and/or to bring its existence to my attention. I point out the following:

1. The TRO was entered by Judge Wood on April 23, and modified on April 25.

2. Counsel for Wells Fargo first contacted Friedman Kaplan on behalf of Wells Fargo and the secured lenders on April 27. That should have triggered a conflicts check.

3. On April 28, I had a telephone conference with counsel for the Superintendent and Condor, at which time I was first advised that there were banks who might want to be heard at a preliminary injunction hearing. I was not told that there might be a conflicts issue to resolve.

4. On April 29, Wells Fargo's lawyers contacted the court by letter and asked to be heard. I responded that if Wells Fargo had interests to protect it should move for leave to intervene. Mr. Cogan, Wells Fargo's lawyer, apparently wrote to the parties to advise them that his clients were planning to make such a motion that same day. At that point, rather than a day or two earlier, Friedman Kaplan began the process of obtaining waivers of the conflict from its clients. The Court was not advised that a potential conflicts problem existed.

5. The motion was made on May 2. The Court was still not advised that a potential conflicts problem existed, although both Wells Fargo and the Superintendent presumably knew about it.

6. I first learned of this issue today, May 7. I have no idea when the banks advised Friedman Kaplan that it could continue to represent the Superintendent only insofar as their interests as Lenders were not adversely impacted.

In short, I do not understand why it has taken so long to get to this point.

The TRO was extended on consent until May 12. Having been in place for more than 14 days, it cannot be further extended (see Fed. R. Civ. P. 65) except by consent, and I can see no reason why Condor should give consent. I could extend the TRO for good cause shown, but good cause has not been shown, because this issue should have been raised and resolved a week or more ago. And while the papers filed on behalf of the Superintendent make a convincing case for a preliminary injunction (I have not yet seen responsive papers from Condor and Baron that actually address the merits), Condor and Baron are entitled to their day in court as soon as practicable. Ergo, I cannot, and so will not, postpone the preliminary injunction hearing. The Superintendent must appear, by counsel who are not conflicted, at that hearing – and for the reasons stated above, I do not see how Friedman Kaplan can possibly be that counsel.

I do not understand why the Attorney General is incapable of representing the Superintendent; he represents agencies of the State before this court all the time. I realize that any new lawyers will have to get up to speed quickly, but I also remember a time when lawyers in this town (including this one) got themselves prepared to handle preliminary injunction hearings on about two or three days' notice; there are four full days between now and next Monday.

I will amend yesterday's order to the following extent: I will take papers from Wells Fargo on the subjects of interest to me concerning the Lenders and their interests tomorrow, as originally ordered; the Superintendent had better be prepared to address those issues, orally and (preferably) in writing at the hearing next Monday morning. I have another preliminary injunction hearing the same day, also with a TRO in place, and I have two trials in quick succession thereafter. I simply do not have time on my calendar to schedule a "modification" hearing, as proposed by Friedman Kaplan, in order to accommodate a more leisurely solution to the conflicts crisis. And in any event, I do not think it is a good idea to fashion an injunction (if one is to be fashioned) on a piecemeal basis.

Dated: May 7, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL