

*Phone:*   (212) 885-5566
*Fax:*     (917) 332-3712
*Email:*   HNCogan@BlankRome.com

May 8, 2014

Hon. Colleen McMahon
United States District Judge
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Lawsky v. Condor Capital Corp.*, No. 14 Civ. 2863 (CM)

Dear Judge McMahon:

    We respond on behalf of Intervenor Wells Fargo Bank, N.A[1]., to the Court's May 6, 2014 Order, wherein the Court requested Wells Fargo's position regarding the effect of the proposed preliminary injunctive relief upon its interests. As set forth below, Wells Fargo's property rights reflected by its valid and perfected first priority liens and security interests in all or substantially all of the assets of Condor Capital Corporation ("Condor") are superior as a matter of law to the interests of the Superintendant and must be protected by any court-appointed receiver.

    It is well established that where, as here, state law creates priority of rights in a creditor's favor, the appointment of a federal court receiver to take control of a company's property does not destroy those rights. *Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 66-67 (2d Cir. 1965). Rather, the receiver takes custody of the property subject to any rights previously acquired by the creditor. *Id.* at 67 (emphasis added); *see also Marshall v. People of New York*, 254 U.S. 380, 385 (1920) (holding that "a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the State"); *SEC v. Bancorp, Ltd.*, 386 F.3d 438, 446 (2d Cir. 2004) (holding that "a federal court receiver takes property subject to a perfected lien or other established priority right"); *SEC v. Stanford Intern. Bank,*

---

[1] Wells Fargo is acting in its capacity as successor by merger to Wells Fargo Preferred Capital, Inc., as agent on behalf of itself and BMO Harris Financing, Inc. ("BMO"), as lenders to the Condor Capital Corp. asset based credit facility.

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • Shanghai • Washington • Wilmington



Hon. Colleen McMahon
May 8, 2014
Page 2


*Ltd.*, 2014 WL 60143, at *3 (5th Cir. Jan. 8, 2014) (holding, under *Marshall*, that a receiver's receipt of funds is subject to whatever preexisting security interest a creditor may have therein).

In accordance with this long-standing precedent, the Second Circuit has disapproved of district courts using receivership as a means to set priorities among various classes of creditors. *Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008), *citing SEC v. Am. Bd. Of Trade*, 830 F.2d 431, 437-38 (2d Cir. 1987). Similarly, the Second Circuit has "expressed strong reservations as to the propriety of allowing a receiver to liquidate [an estate]." *Id.* at 132, *citing Lankenau*, 350 F.2d at 63; *see also SEC v. Malek*, 397 Fed. Appx. 711, 714-15 (2d Cir. 2010) (noting that "this Court has consistently expressed a preference against the liquidation of defendant corporations through the mechanism of federal securities receiverships . . .").[2] But even in cases where receivers have been allowed to liquidate an estate, this court has permitted secured creditors to retain the priority of their claims. *See, e.g.*, *SEC v. Byers*, 637 F.Supp.2d 166, 183 (S.D.N.Y. 2003) (approving a receiver's plan of distribution whereby secured creditors were paid ahead of defrauded investors, in connection with the liquidation and distribution of assets in a case involving a Ponzi scheme).

It is undisputed by the Superintendant (and Condor) that Condor's assets are, pursuant to the Loan Agreement[3], collateral for the obligations of Condor to the secured lenders, and that Wells Fargo as agent is the holder of a perfected first priority lien on and security interest in all or substantially all of Condor's assets. Accordingly, any injunctive relief must not interfere with Wells Fargo's rights and remedies under the Loan Agreement. The proposed injunctive relief also assumes that the receiver may use cash collateral of Wells Fargo without consent, limitation, control or budgeting. While Wells Fargo expresses no position with respect to the Superintendant's request for the appointment of a receiver or to Condor's request for a monitor, in order to protect their rights as secured lenders, any injunctive relief should preserve, and not impair or prejudice, Wells Fargo's rights and remedies under the Loan Agreement. Further, any injunctive relief should provide Wells Fargo the right to meaningfully participate and/or object to the manner in which the collateral is proposed to be used or protected by either a receiver or monitor. Lastly, Wells Fargo is contractually entitled under the Loan Agreement to ongoing

---

[2] In articulating the Second Circuit's preference against the use of federal receiverships for liquidation purposes, the *Malek* court did note that "despite our reservations about liquidation occurring through receivership, we have never vacated or modified a receivership order on the ground that a district court improperly attempted to effect a liquidation," but observed that "[s]uch restraint is particularly appropriate where… the receivership has progressed almost to completion… and it would apparently not be in the interests of the parties to direct that further proceedings be diverted into bankruptcy channels." 397 Fed. Appx. At 715 (internal quotations omitted).

[3] A description of the Loan Agreement is set forth in the Affidavit of Thomas M. Romanowski at ¶4, and true and correct copies of certain primary loan documents are attached to the affidavit. *See* Dkt. No. 31.



Hon. Colleen McMahon
May 8, 2014
Page 3

interest and fees, reimbursement of expenses incurred by the agent and lenders, payment of principal based upon cash collections, and to receive regular financial and collateral reporting.

    Therefore, for these reasons, should the Court grant the Superintendant's request for preliminary injunctive relief, any such order should: (1) preserve, and not impair or prejudice, the rights and remedies of Wells Fargo and BMO as first priority secured lenders;  (2) specifically allow for Wells Fargo as agent to the secured lenders to participate in issues relating to any requested use of the secured creditors' cash collateral; (3) provide for  regular financial and collateral reporting to Wells Fargo; and (4) require the continued payment of interest, fees, and reimbursements, as well as payment of principal based upon the cash collections.

    Respectfully Submitted,

Harris N. Cogan
Michelle Gitlitz Courtney
Blank Rome LLP
405 Lexington Avenue
New York, NY 1014
T:  (212) 885-5000
E:  hcogan@blankrome.com
    mcourtney@blankrome.com

*Counsel for Wells Fargo Bank, N.A.*

cc:    Counsel of Record (via e-mail)