# Katten
#### Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY  10022-2585
212.940.8800 tel
212.940.8776 fax
www.kattenlaw.com

MICHAEL M. ROSENSAFT
michael.rosensaft@kattenlaw.com
(212) 940-6631 direct
(212) 940-8776 fax

May 12, 2014

**VIA ELECTRONIC FILING & HAND**

Honorable Colleen M. McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lawsky v. Condor Capital Corporation and Stephen Baron,* No. 14 Civ. 2863 (CM)

Dear Judge McMahon:

   On behalf of defendants Condor Capital Corporation ("Condor") and Stephen Baron (the "Defendants") in the above-captioned matter, we respectfully submit this letter to request certain changes be made to the Plaintiff's preliminary injunction should Your Honor grant Plaintiff's motion.  Defendants still strongly urge this Court to appoint a monitor instead of a receiver, but if Your Honor is inclined to appoint a receiver, we would request the following changes:

- Paragraph 5:  This paragraph, which keeps in force the entirety of the TRO, is currently at odds with the powers of the receiver in that it prohibits new loan business and continues the freezing of all assets.  We would suggest removing the clauses "the cessation of new loan business" and "the freezing of Defendants' assets."  It is clear by 9(b) that the Receiver shall have full control of the assets, and paragraph 9(n) that the Receiver is the one with the power to conduct the business of Condor, not the Defendants.

- Paragraph 9(f):  In consideration of the plan contemplated by the Department of Financial Services where the Receiver is to make an assessment of whether the company should be liquidated before any liquidation occurred, we would suggest removing the power to "Liquidate" any securities or commodities unless the Court determines that such liquidation is necessary and in the public interest.

- Paragraph 9(n):  So that it is clear to the Receiver what his powers are, we would suggest specifying that the Receiver may begin loan origination as part of conducting the business of Condor, only when, as stated, he makes a "good faith determination that the business can be lawfully operated at a profit using the assets and current management and staff of Condor."  This power seems implicit in 9(n), but is not clearly specified.

Hon. Colleen McMahon
Page 2

- In paragraph 9(q) and paragraph 10, the Receiver is empowered with responding to requests for documents from law enforcement and allowing Plaintiff access to the premises to inspect documents. To protect attorney-client privilege we would request that Defendants have an opportunity to view any such requests and object before any such documents are provided, and specify that the Receiver is not allowed to provide any privileged documents to law enforcement or Plaintiff without the consent of the Defendants.

- In paragraph 15, we would request that the Receiver report to the Court within no more than 30 calendar days, even if such report is merely oral.

- We would suggest striking paragraph 19 or making it clear that Defendants do not have to wait 30 days to seek relief from the Court if any issues arise with the Receiver. It is unclear what exactly is contemplated by this paragraph and Defendants will cooperate fully with a Receiver and only raise issues with the Court if absolutely necessary, but Defendants should be allowed to raise any serious issues to the Court's attention without a waiting period.

Respectfully submitted,

_____/s Michael M. Rosensaft_____
Michael M. Rosensaft
Leah Mary Campbell
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10007
(212) 940-6631
michael.rosensaft@kattenlaw.com
*Counsel for Condor Capital Corporation and Stephen Baron*