UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

BENJAMIN M. LAWSKY, Superintendent of
Financial Services of the State of New York,

                            Plaintiff,

            - against -

CONDOR CAPITAL CORPORATION
and STEPHEN BARON,

                        Defendants.

--------------------------------------------------------------x

No. 14-CV-2863 (CM)

[~~PROPOSED~~] **PRELIMINARY
INJUNCTION AND ORDER
APPOINTING RECEIVER**

        Plaintiff Benjamin M. Lawsky, Superintendent of Financial Services of the State

of New York (the "Superintendent"), has filed a Complaint for a preliminary and permanent

injunction and other relief, and has moved pursuant to Federal Rule of Civil Procedure 65,

Section 1055(a) of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-

Frank"), 12 U.S.C. § 5565(a), and Section 309 of the New York Financial Services Law for an *ex*

*parte* temporary restraining order enjoining and prohibiting defendants Condor Capital

Corporation ("Condor") and Stephen Baron ("Baron") from engaging in any conduct in violation

of Sections 1031 and 1036(a)(1)(B) of Dodd-Frank, 12 U.S.C. §§ 5531 and 5536(a)(1)(B),

Section 408 of the Financial Services Law, and Section 499 of the Banking Law;

misrepresenting, failing to disclose, or concealing the existence or amount of any loan balance of

any customer of Condor, including without limitation, any positive credit balance due to such

customer; soliciting or entering into new retail installment contracts or loan agreements; freezing

assets; prohibiting destruction of or denial of access to books and records; requiring Condor and

Baron to protect the security of consumers' highly sensitive personally identifiable information; preventing Defendants from moving the company out of New York; authorizing the Superintendent to immediately secure and take control of the business premises; and ordering Condor and Baron to show cause why a preliminary injunction should not be issued.

On April _22_, 2014, this Court this Court granted the Superintendent's *Ex Parte* Application for a Temporary Restraining Order and entered a Temporary Restraining Order ("TRO") with an order to show cause why a preliminary injunction should not issue against Defendants Baron and Condor. All Defendants have been served with the Summons, Complaint, TRO, and supporting papers filed in this action.

The Court held a show cause hearing on _May 12_, 2014 and, having considered all of the arguments, evidence, and pleadings filed in this matter, the Court now finds as follows:

1.      The Superintendent has made a sufficient and proper showing in support of the relief granted herein, as required by Fed. R. Civ. P. 65 and the applicable law by establishing a strong likelihood that the Superintendent will prevail at trial on the merits of each of the claims in the Complaint and that Defendants have engaged in and, unless restrained and enjoined by order of this Court, will engage in acts, practices, and courses of business constituting violations of Sections 1031 and 1036(a)(1)(B) and(3) of Dodd-Frank, 12 U.S.C. §§ 5531 and 5536(a)(1)(B) and (3), Section 408 of the New York Financial Services Law, and Section 499 of the New York Banking Law.

2.      The Superintendent has made a sufficient and proper showing that good cause exists for (a) the appointment of a Receiver over Defendant Condor; (b) the freezing of Defendants' assets; and (c) the ancillary relief ordered below.

2

3.     Weighing the equities and considering the Superintendent's likelihood of ultimate success on the merits and the likelihood of irreparable harm in the absence of preliminary relief, the balance of hardships favors the Superintendent, and a Preliminary Injunction with asset freeze, the appointment of a Receiver, and other equitable relief is in the public interest.

4.     Any security requirement is waived in the public interest.

Now, Therefore, the Court orders as follows:

Continuation of Relief

5.     All relief granted in the TRO entered on April 23 2014, including, but not limited to, the prohibition of violations of law, the cessation of new loan business, mandatory website disclosures, and the freezing of Defendants' assets, is hereby extended and continued in force pending determination of the Superintendent's application for a permanent injunction and other relief, subject to the terms of this Order.

Appointment and Powers of Receiver

6.     Denis O'Conno is hereby appointed as Receiver of Condor with the full power of an equity receiver as follows:

7.     The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver.

8.     The Receiver shall be accountable directly to this Court and shall comply with all laws and Local Rules of this Court governing federal equity receivers.

9.     The Receiver is directed and authorized to accomplish the following:

(a)     Assume full control of Condor's business by removing, as the Receiver deems necessary or advisable, any director, officer, independent

3

contractor, employee, or agent of Defendants, including without limitation Baron, from control of, management of, or participation in, the affairs of Condor;

(b)     Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, Defendants, wherever situated;

(c)     Divert mail and sue for, collect, receive, take into possession, hold, and manage all assets and documents of Defendants;

(d)     Take all steps necessary to secure and take control of the business premises of Condor, including serving and filing this Order; preparing a written inventory of all assets of Defendants; obtaining pertinent information from employees and other agents of Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid compensation of each such employee or agent; obtaining all passwords for Defendants' computer hardware and software systems and applications; videotaping and/or photographing Condor's premises; securing Condor's premises by changing locks, passwords, keycards, or otherwise; and requiring persons present at Condor's premises at the time this Order is served to leave the premises, provide the Receiver with proof of identification, or demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of Condor or otherwise acting in violation of this Order.

authority granted by, this Order, *provided, however, that* the Receiver

shall apply to this Court for prior approval of any payment of any debt or

obligation incurred by Defendants prior to the date of entry of this Order,

except payments that the Receiver deems necessary or advisable to secure

assets of Condor, such as rental payments;

(l)   Institute, compromise, adjust, appear in, intervene in, or become party to

such actions or proceedings in state, federal, or foreign courts that the

Receiver deems necessary and advisable to preserve or recover the assets

of Defendants, or that the Receiver deems necessary and advisable to carry

out the Receiver's mandate under this Order;

(m)   Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Receiver in

his role as Receiver, or against Defendants, that the Receiver deems

necessary and advisable to preserve the assets of Defendants or that the

Receiver deems necessary and advisable to carry out the Receiver's

mandate under this Order;

(n)   Continue and conduct the business of Condor in such manner, to such

extent, and for such duration as the Receiver may in good faith deem to be

necessary or appropriate to operate the business profitably and lawfully, if

at all, provided, however, that the continuation and conduct of the

business shall be conditioned upon the Receiver's good faith

determination that the business can be lawfully operated at a profit using

the assets and current management and staff of Condor; *an assessment*

*of whether the corporation can/ should begin*

*a new /org organization MUST BE*

*COMPLETED and reported to the court*

*in this 20 [calendar] days of the entry of this order,*

*which is to say, by May 28, 2014*

*[handwritten margin note:]*
*included*
*without*
*limitation*
*re-structuring*
*the corp & note*
*ability*
*loans*

(o)   Open one or more bank or brokerage accounts as designated depositories

for assets of Condor, and deposit all funds of Condor in such a designated

account and make all payments and disbursements from Condor from such

account(s);

(p)   Maintain accurate records of all receipts and expenditures that s/he makes

as Receiver;

(q)   Cooperate with and respond to reasonable requests for documents,

information, or assistance from any state or federal law enforcement or

regulatory agency; and

(r)   Maintain the chain of custody of all of Defendants' records in their

possession.

10.   The Receiver shall immediately allow the Superintendent and his

representatives, agents, contractors, or assistants into the premises and facilities to inspect,

inventory, image, and copy documents relevant to any matter contained in this Order or the

Superintendent's Complaint, wherever they may be situated and whether they are on the persons

of Defendants or others.  The Receiver may exclude Defendants and their officers, directors,

agents, servants, employees, and attorneys from such premises and facilities during the

Superintendent's immediate access.  No one shall interfere with the Superintendent's or

Receiver's inspection of such premises or facilities, or of any documents or assets within or at

such premises or facilities.

11.   The Receiver shall allow Defendants and their attorneys reasonable access

to the premises and facilities to inspect, inventory, image, and copy any and all documents and

assets owned or possessed by Defendants, provided that those documents and assets are not

7

11a) It is a condition of the appointment of a Receiver that he continue to make timely payment of all amounts periodically due and owing ~~under a certain Loan~~ under a certain Loan

removed from such premises. The Receiver shall have the discretion to determine the time,

manner, and reasonable conditions of such access.

## Cooperation With Receiver

IT IS FURTHER ORDERED THAT:

12.    Defendants, and their successors, assigns, officers, agents, directors,

servants, employees, salespersons, independent contractors, attorneys, and affiliates, and all other

persons or entities in active concert or participation with them who receive actual notice of this

Order by personal service or otherwise, whether acting directly or through any trust, corporation,

subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the

Receiver, including without limitation:

(a)    Providing any information to the Receiver that the Receiver deems

necessary to exercise the authority and discharge the responsibilities of the

Receiver under this Order, including but not limited to allowing the

Receiver to inspect documents and assets and use and partition office

space; and

(b)    Providing the Receiver with any username or password and executing any

documents required to access any computer or electronic files in any

medium, including but not limited to electronically stored information

stored, hosted or otherwise maintained by an electronic data host.

13.    Defendants and their successors, assigns, officers, directors, agents,

servants, employees, attorneys, and all other persons or entities directly or indirectly, in whole or

in part, under their control, and all other persons in active concert or participation therewith who

receive actual notice of this Order by personal service or otherwise, shall not interfere in any

Agreement referred to in Romanowski Affidavit #4, Title. Receiver may act, without further order of this court, to allow the Loans herein referenced to become past due.

8

manner, directly or indirectly with the custody, possession, management, or control by the

Receiver of assets and documents, and are hereby temporarily restrained and enjoined from

directly or indirectly:

(a)    Transacting any of the business of Defendants, except as directed by the
Receiver;

(b)    Destroying, secreting, erasing, mutilating, defacing, concealing, altering,
transferring or otherwise disposing of, in any manner, directly or
indirectly, any documents, assets, or equipment of Defendants, including
but not limited to contracts, agreements, loan files, application files,
customer or dealer lists, customer or dealer addresses and telephone
numbers, correspondence, advertisements, brochures, sales material, sales
presentations, documents evidencing or referring to Defendants' services,
training materials, scripts, data, computer tapes, disks, or other
computerized records, books, written or printed records, handwritten
notes, telephone logs, "verification" or "compliance" tapes or other audio
or video tape recordings, receipt books, invoices, postal receipts, ledgers,
personal and business canceled checks and check registers, bank
statements, appointment books, copies of federal, tax returns, photographs,
mobile devices, electronic storage media, accessories, and any other
documents, records or equipment of any kind that relates to the business
practices or business or personal finances of Defendants or any other
entity directly or indirectly under the control of Defendants;

9

(c)     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Defendants or the Receiver;

(d)     Excusing debts owed to or by Defendants;

(e)     Failing to notify the Receiver of any asset, including accounts, of a Defendant held in any name other than the name of the Defendant, or by any person or entity other than the Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

(f)     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the income, expenses, assets, liabilities, disbursements, transactions, and use of monies by Defendants or any other entity directly or indirectly under the control of Defendants;

(g)     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Order; to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority pursuant to this or any other Order of this Court; and

10

(h)     Filing, or causing to be filed, any petition on behalf of Defendants for

relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.,

without prior permission from this Court.

14.     The Receiver and all personnel hired by the Receiver as herein authorized

are entitled to reasonable compensation for the performance of duties pursuant to this Order, and

for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in

the possession or control of, or which may be received by, Defendants.  The Receiver shall file

with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request to be filed no more than sixty (60) days after the date of

this Order.  The Receiver shall not increase any hourly rates used as the basis for such fee

applications without prior approval of the Court.                     ~~Twenty~~

15.     The Receiver shall report to this Court within no more than ~~seventy-five~~
                                 *his best assessment at that time* ↑
~~(75)~~ calendar days regarding↑ (1) the steps taken by the Receiver to implement the terms of this

Order; (2) the value of all assets of Defendants; (3) the total of all liabilities of Defendants;

(4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value

of assets of Defendants, (b) pursue recovery of Defendants' assets from third parties, and

(c) adjust the liabilities of Defendants, if appropriate; (5) the Receiver's assessment of whether

Condor's business can be operated in compliance with this Order; and (6) any other matters

which the Receiver believes should be brought to the Court's attention, *provided, however, that*

if public disclosure of any of such information would hinder the Receiver's ability to pursue

assets of Defendants, the portions of any written report of the Receiver containing such

information may be filed under seal. *The Receiver shall update*

*his Report at 40 and then at 60 calendar*

*days from the date of this Order*

Withdrawal of Receiver

IT IS FURTHER ORDERED that:

16.     The Receiver and any professionals retained by the Receiver, including but not limited to attorneys and accountants, may be authorized to withdraw from their respective appointments or representations and apply for payment of their professional fees upon the Superintendent or Receiver's application to the Court, along with a written report reflecting the withdrawing person's work, findings, and recommendations, and, if the withdrawing person is the Receiver, an accounting for all assets in possession or control of the Receiver. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by withdrawing person(s).

Receiver's Bond/Liability

IT IS FURTHER ORDERED that:

17.     No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, fraud, or willful misconduct, the Receiver and any professionals he or she retains shall not be liable for any loss or damage incurred by any of Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and such professionals in connection with the discharge of their duties and responsibilities, including but not limited to their withdrawal from the case.

Stay of Actions

IT IS FURTHER ORDERED that:

18.     The Receiver is authorized to apply to the Court, during the pendency of the receivership ordered herein, for a stay of such proceedings as may be necessary to assist the

12

Receiver in accomplishing the objectives of the receivership as set forth herein, including without limitation to ensure that all current and former customers of Condor receive full refunds of any positive credit balances due and owing to them. *This includes, without limitation, any action filed may be brought under the Loan Agreement & realize on any event of default after may have heretofore occurred. Notwithstanding the foregoing, the payment if the payment referenced in not timely made by the Receiver, Wells Fargo may apply for a lifting of the stay.*

19. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

Defendants' Duty to Distribute Order

IT IS FURTHER ORDERED that:

20. Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, representative, and secured creditors of Defendants and shall, within three (3) business days of the date of entry of this Order, provide counsel for the Superintendent with a sworn statement that: (a) confirms that Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard or disobey this Order or believe that they are not bound by it.

*13 and the Court and is not authorized by the Receiver in making a payment*

*due on the Loans ¶ 11(c) are made by the Receiver. Fargo may apply for a stay.*

Retention of Jurisdiction

IT IS FURTHER ORDERED that:

21.    This Court shall retain jurisdiction of this matter for all purposes of

construction, modification, and enforcement of this Order, including but not limited to any

disputes pertaining to the Receiver and whether or not such disputes arise before or after the

Receiver's discharge.

SO ORDERED.

On this  13  day of  May  2014.

UNITED STATES DISTRICT JUDGE
United States District Court
Southern District of New York

14