UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| BENJAMIN M. LAWSKY, Superintendent of Financial Services of the State of New York, | Case No.: 14 Civ. 2863 (CM) |
| Plaintiff, | |
| -against- | **ANSWER AND** |
| | **AFFIRMATIVE DEFENSES** |
| CONDOR CAPITAL CORPORATION and STEPHEN BARON, | **OF DEFENDANTS** |
| | **CONDOR CAPITAL** |
| Defendants. | **CORPORATION AND** |
| | **STEPHEN BARON** |
| -and- | |
| WELLS FARGO BANK, N.A., as Agent for Certain Financial Institutions as Lenders, | |
| Intervenor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Condor Capital Corporation ("Condor") and Stephen Baron (collectively, the "Defendants"), by and through their undersigned counsel, for their Answer and Affirmative Defenses to the Complaint of Plaintiff Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York (the "Superintendent") dated April 23, 2014 (the "Complaint"), aver as follows:

## NATURE OF THE ACTION

1.      Deny the allegations in paragraph 1, except admit that Condor is a New York-based sales finance company that acquires and services subprime automobile loans, is wholly owned by defendant Baron, and has been licensed as a sales finance company in New York since 1996.

2.      Deny the allegations in paragraph 2, except admit that Condor's customers may have positive credit balances on their accounts because of insurance payoffs, overpayments, trade-ins, and other reasons.

3.      Deny the allegations in paragraph 3.

4.      Do not respond to the allegations in paragraph 4 to the extent that they do not assert facts to which a responsive pleading is required and are merely argumentative.  To the extent a response is required, Defendants deny the allegations in this paragraph.

5.      Deny the allegations in paragraph 5, allege that no response is required to the extent that the allegations assert conclusions of law to which no responsive pleading is required, and further allege that no response is required as to the relief Plaintiff seeks.

## PARTIES

6.      Admit the allegations in paragraph 6.

7.      Admit the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8, except admit that Baron is the chief executive officer and sole owner of Condor.

## JURISDICTION AND VENUE

9.      Do not respond to the allegations in paragraph 9 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise admit that Condor is incorporated, located, headquartered, and licensed in the State of New York.

10.      Do not respond to the allegations in paragraph 10 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise deny the allegations in paragraph 10.

11.      Do not respond to the allegations in paragraph 11 to the extent that they assert conclusions of law to which no responsive pleading is required.

12.      Do not respond to the allegations in paragraph 12 to the extent that they assert conclusions of law to which no responsive pleading is required.

**STATEMENT OF FACTS**

13.     Admit the allegations in paragraph 13.

14.     Admit the allegations in paragraph 14

15.     Admit the allegations in paragraph 15, except state that customers receive account information from Condor in a variety of ways.

16.     Deny the allegations in paragraph 16, except admit that some of Condor's customers are "subprime."

17.     Admit the allegations in paragraph 17.

18.     Admit the allegations in paragraph 18.

19.     Admit the allegations in paragraph 19.

20.     Admit the allegations in paragraph 20.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, except admit that examiners purporting to be from LFS and the Department's Consumer Examinations Unit ("CEU") spent two days on-site at Condor's headquarters, collecting documents and meeting with Condor's management.

23.     Admit the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27, except admit that Condor's website contained the quoted language, among additional language and information.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29, except admit that a typical loan file contains personally identifiable information.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31, except admit that Condor has purchased an office building in Florida.

32.     Deny the allegations in paragraph 32.

33.     Deny the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34, except deny knowledge and information sufficient to form a belief as to the truth in the allegations in paragraph 34 regarding purported complaints.

35.     Deny the allegations in paragraph 35.

36.     Deny the allegations in paragraph 36, except admit that a positive credit balance can be the result of an overpayment of the customer's account, and can come about in several different ways including that a customer might pay more than the outstanding loan balance, a car may be destroyed (or "totaled") and the insurance proceeds might exceed the outstanding loan balance, or a customer might trade in the car that is the subject of the loan and receive a credit greater than the outstanding balance, among other ways.

37.     Deny the allegations in paragraph 37.

38.     Deny the allegations in paragraph 38, except admit that Condor's website contained a portal that allowed customers to log in, view the status of their loan accounts, and make payments.

39.     Deny the allegations in paragraph 39.

40.     Do not respond to the allegations in paragraph 40 to the extent that they assert conclusions of law to which no responsive pleading is required.

41.     Do not respond to the allegations in paragraph 41 to the extent that they assert conclusions of law to which no responsive pleading is required.

42.     Do not respond to the allegations in paragraph 42 to the extent that they assert conclusions of law to which no responsive pleading is required.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Deny the allegations in paragraph 47.

48.     Deny the allegations in paragraph 48.

**CLAIMS FOR RELIEF**

**COUNT I – VIOLATION OF DODD FRANK**
**Unfair, Deceptive, and Abusive Practices –**
**Theft of Customer Funds**
**(Against Condor only)**

49.     As their response to paragraph 49, Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 48 as if fully set forth herein.

50.     Condor does not respond to the allegations in paragraph 50 to the extent that they assert conclusions of law to which no responsive pleading is required.

51.     Condor does not respond to the allegations in paragraph 51 to the extent that they assert conclusions of law to which no responsive pleading is required.

52.     Condor denies the allegations in paragraph 52.

53.     Condor does not respond to the allegations in paragraph 53 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies the allegations in paragraph 53.

**COUNT II – VIOLATION OF DODD FRANK**
<u>**Unfair, Deceptive, and Abusive Practices –**</u>
<u>**Endangerment of Customer Data and Information**</u>
**(Against Condor only)**

54.     As their response to paragraph 54, Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 53 as if fully set forth herein.

55.     Condor does not respond to the allegations in paragraph 55 to the extent that they assert conclusions of law to which no responsive pleading is required.

56.     Condor does not respond to the allegations in paragraph 56 to the extent that they assert conclusions of law to which no responsive pleading is required.

57.     Condor denies the allegations in paragraph 57.

58.     Condor denies the allegations in paragraph 58.

59.     Condor denies the allegations in paragraph 59.

60.     Condor denies the allegations in paragraph 60.

61.     Condor denies the allegations in paragraph 61.

62.     Condor does not respond to the allegations in paragraph 62 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies the allegations in paragraph 62.

**COUNT III – VIOLATION OF DODD FRANK**
<u>**Substantial Assistance of Unfair, Deceptive, and Abusive Practices –**</u>
<u>**Theft of Customer Funds and Endangerment of Customer Data and Information**</u>
**(Against Baron only)**

63.     As their response to paragraph 63, Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 62 as if fully set forth herein.

64.     Baron does not respond to the allegations in paragraph 64 to the extent that they assert conclusions of law to which no responsive pleading is required.

65.     Baron does not respond to the allegations in paragraph 65 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies the allegations.

66.     Baron denies the allegations in paragraph 66.

67.     Baron denies the allegations in paragraph 67.

68.     Baron does not respond to the allegations in paragraph 68 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies the allegations in paragraph 68.

**COUNT IV – VIOLATION OF NEW YORK FINANCIAL SERVICES LAW AND BANKING LAW**
**Misrepresentations in Connection with the Provision of a Financial Product or Service**
**(Against Condor only)**

69.     As their response to paragraph 69, Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 68 as if fully set forth herein.

70.     Condor does not respond to the allegations in paragraph 70 to the extent that they assert conclusions of law to which no responsive pleading is required.

71.     Condor does not respond to the allegations in paragraph 71 to the extent that they assert conclusions of law to which no responsive pleading is required.

72.     Condor does not respond to the allegations in paragraph 72 to the extent that they assert conclusions of law to which no responsive pleading is required.

73.     Condor denies the allegations in paragraph 73.

74.     Condor does not respond to the allegations in paragraph 74 to the extent that they assert conclusions of law to which no responsive pleading is required, and otherwise denies the allegations in paragraph 74.

### THE COURT'S POWER TO GRANT EQUITABLE RELIEF

75.     Defendants do not respond to the allegations in paragraph 75 to the extent that they assert conclusions of law to which no responsive pleading is required.

76.     Defendants do not respond to the allegations in paragraph 76 to the extent that they assert conclusions of law to which no responsive pleading is required.

77.     Defendants do not respond to the allegations in paragraph 77 to the extent that they assert conclusions of law to which no responsive pleading is required.

### PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest with Plaintiff, Defendants assert the following affirmative defenses and other defenses, and reserve their rights to assert other defenses when and if they become available:

### FIRST AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint and with respect to all matters contained therein, Defendants acted in good faith and with good cause.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.      That this Court deny any relief or request for judgment on behalf of Plaintiff and that judgment be entered in favor of Defendants; and

2.      Defendants be granted such other and further relief as may be appropriate, or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants request a trial by jury.

Dated: New York, New York
        May 14, 2014

                        Respectfully submitted,

                        KATTEN MUCHIN ROSENMAN LLP

                        By:/s/ *Leah Mary Campbell*_____
                            Leah Mary Campbell
                            Michael M. Rosensaft

                            575 Madison Avenue
                            New York, NY 10022-2585
                            Phone: 212.940.8800
                            Fax:    212.940.8776
                            Email: leah.campbell@kattenlaw.com

                            *Attorneys for Defendants Condor Capital*
                            *Corporation and Stephen Baron*

9