


Phone: (212) 885-5566
Fax: (917) 332-3712
Email: HNCogan@BlankRome.com

June 5, 2014

**VIA ECF**

Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Lawsky v. Condor Capital Corporation and Stephen Baron,
No. 14 Civ. 2863 (CM)

Dear Judge McMahon,

As you know, we are counsel to Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Preferred Capital, Inc., as agent ("Wells Fargo" or Agent"), on behalf of itself and BMO Harris Financing, Inc. ("BMO"), as lenders (collectively, the "Lenders"), to the Condor Capital Corporation ("Condor" or the "Company") asset-based credit facility. We write regarding the June 2, 2014 report of the court-appointed receiver, Denis O'Connor and Condor's Motion to Modify the Preliminary Injunction Order.

Condor and Wells Fargo, as Agent and Lenders entered into an Amended and Restated Loan and Security Agreement dated October 12, 2006 (as amended or modified from time to time, the "Loan Agreement") [1], whereby Lenders made certain loans and advances and provided other financial accommodations to Condor. As of May 31, 2014, the principal amount of the Obligations (as defined in the Loan Agreement) owing by Condor to Lenders under and in connection with the Loan Agreement is $256 million, plus interest, fees, costs and expenses. The Obligations are secured by a first priority lien on and security interest in favor of Agent in all or substantially all of Condor's assets, including without limitation, all consumer loans, chattel paper, accounts, deposit accounts, documents, general intangibles, instruments, books and records and cash and non-cash proceeds with respect thereto (including amounts deposited into

[1] A description of the Loan Agreement is set forth in the Affidavit of Thomas M. Romanowski at ¶4, and true and correct copies of certain primary loan documents are attached to the affidavit. *See* Dkt. No. 31.






the Citibank deposit account subject to the Control Agreement), and property pledged as collateral pursuant to the Pledge Agreement.

Various Events of Default and Defaults (as defined in the Loan Agreement) have occurred and remain outstanding under the Loan Agreement, including, without limitation, pursuant to Sections 8.1, 8.2, 8.3, 8.6 and 8.10 of the Loan Agreement.

In addition, pursuant to Section 9.1 of the Loan Agreement, all Obligations outstanding under the Loan Agreement are automatically due and owing as a result of the appointment of a Receiver. By virtue of Section 3.4 of the Loan Agreement, Wells Fargo has the right to direct all cash collections to be paid directly to Agent and pursuant to contract and applicable law (including the Uniform Commercial Code), Wells Fargo has the right to foreclose on its pledged collateral and exercise various other rights and remedies with respect thereto. However, the injunction issued by this Court, may affect Wells Fargo's right to exercise these rights and remedies.

We understand from the Receiver's report that he is in the process of stabilizing the Company and he believes that the Company may be capable of originating loans in the future. The Receiver discusses various obstacles to this occurring. As the Receiver notes in his report and contrary to the Company's statements in its Motion to Modify the Preliminary Injunction Order submitted to the Court on June 4, 2014, Wells Fargo and BMO have made it abundantly clear to the Company that they will not fund any further loan originations, and oppose the use of the proceeds of its pledged collateral for any purposes other than the preservation of the collateral, regardless of whether a receiver is in place. Consequently, Wells Fargo and BMO oppose the use of any cash which has or will be collected from the loan portfolio (all of which represents Wells Fargo's cash collateral) for loan origination purposes, including, without limitation, to fund any new loan originations, or the hiring of any sales/origination employees to begin loan originations. Indeed, any and all excess cash (after payment of ordinary operating expenditures which benefit the servicing of the existing loan portfolio) should be paid over to Wells Fargo for application to the obligations. Wells Fargo notes that it agrees to the setting aside of an $11 million reserve to protect the interests of Condor's allegedly wronged customers, subject to the preservation of its first priority interest therein.

In lieu of requesting immediate relief from this Court to exercise their rights and remedies (and without waiver of its right to do so), Wells Fargo and BMO propose that over the next 20 days (when the next status report from the Receiver is due), the Company and/or the Receiver seek to obtain a replacement lender for Condor who is able to repay the Obligations owing to Wells Fargo and BMO in full. At the same time, given the probability that the





Company and Receiver will not be able to obtain such financing, and given the Receiver's acknowledgement that the delinquency rate has increased, and the equity cushion is shrinking, the Receiver should immediately begin the marketing process for the immediate sale of the loan portfolio, with proceeds sufficient to repay the Obligations owing to Wells Fargo and BMO in full, and complete its evaluation and selection of a backup servicer acceptable to Wells Fargo and BMO.

In the interim, Wells Fargo and BMO should be entitled to: (a) receive principal payments (in addition to periodic interest, fees, and expense payments) from collections in excess of amounts necessary to service the collateral and fund the receiver's budgeted expenses, (b) review any expenditures of their cash collateral beyond those ordinary course expenditures approved by the Receiver in his reasonable discretion so that Wells Fargo's first priority lien rights are protected, and (c) receive weekly operating budget reports and statements of cash on hand, income and expenses.

We appreciate Your Honor's consideration.

Respectfully Submitted,

*/s/ Harris N. Cogan*

Harris N. Cogan
Blank Rome LLP
405 Lexington Avenue
New York, NY 1014
(212) 885-5566
hcogan@blankrome.com
*Counsel for Wells Fargo Bank, N.A.*

cc: Denis O'Connor (via e-mail)
Counsel of Record (via ECF)