**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BENJAMIN M. LAWSKY, Superintendent of Financial Services of the State of New York,

Plaintiff,

-against-

CONDOR CAPITAL CORPORATION and STEPHEN BARON,

Defendants,

-and-

WELLS FARGO BANK, N.A., as Agent for Certain Financial Institutions as Lenders,

Intervenor.

Index No. 14-cv-2863 (CM)

**INTERVENTION COMPLAINT PURSUANT TO FRCP 24(C)**

This Complaint is being filed pursuant to Federal Rule of Civil Procedure 24(c) and the discussion at the pre-trial conference on June 10, 2014. Intervenor, Wells Fargo Bank, N.A. as successor by merger to Wells Fargo Preferred Capital, Inc., as agent ("Wells Fargo" or "Agent"), on behalf of itself and BMO Harris Financing, Inc. ("BMO"), as lenders (collectively, the "Lenders"), as provider of an asset-based credit facility to the defendant Condor Capital Corporation ("Condor" or the "Company"), does not believe the filing of an intervention Complaint is necessary or required at this time given the Court's prior granting of Wells Fargo's request to intervene. Further, Wells Fargo files this Complaint without waiving any of its rights to seek enforcement of its rights outside of this case.

Subject to the above, Wells Fargo alleges the following as and for its intervention Complaint against Condor:

## NATURE OF THE DISPUTE

1. Wells Fargo brings this proceeding pursuant to 28 U.S.C. §2201 for a declaratory judgment that (a) Condor's obligations to repay an approximately $237 million loan are secured by a first priority perfected lien on and security interest in all or substantially all of Condor's assets (the Collateral, defined below) and (b) Wells Fargo may exercise various rights and remedies available to it under the Loan Agreement (defined below), the Uniform Commercial Code and other applicable law to, among other actions, take possession of, realize on , dispose of, collect, and/or sell the Collateral. Wells Fargo also seeks a judgment in its favor that the amount of the outstanding loan balance (approximately $237 million), together with unpaid interest, fees, costs and expenses (including attorneys' fees) are due to Lenders and that Wells Fargo be provided with immediate and unconditional access to and possession of all the Collateral pledged under the Loan Agreement.

## THE PARTIES

2. Intervenor Wells Fargo is a national banking association, duly organized and existing under and by virtue of the laws of the United States, maintaining its principal place of business in the state of California.

3. Plaintiff is the Superintendent of Financial Services of the State of New York and the successor to the Superintendent of Banks of the State of New York ("Plaintiff" or the "Superintendant"). Plaintiff maintains its principal office in the City, County, and State of New York at One State Street, New York, New York 10004.

4. Defendant Condor is a corporation formed under the laws of the State of New York with its principal place of business at 165 Oser Avenue, Hauppauge, New York 11788.

## JURISDICTION AND VENUE

5. Pursuant to the Complaint filed by the Superintendent, this Court has personal jurisdiction over defendant Condor, because it is incorporated, located, headquartered, and licensed in the State of New York.

6. Pursuant to the Complaint filed by the Superintendent, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a), 12 U.S.C. § 5552(a)(1), 12 U.S.C. § 5565(a)(1), and 28 U.S.C. § 1367(a).

7. Pursuant to the Complaint filed by the Superintendent, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 12 U.S.C. § 5564(f).

## GENERAL ALLEGATIONS

8. Condor, Wells Fargo, as agent for the Lenders, and Lenders entered into an Amended and Restated Loan & Security Agreement dated October 12, 2006 (as amended or modified from time to time, the "Loan Agreement"), whereby Lenders made certain loans and advances and provided other financial accommodations from time to time to Condor.

9. As of June 20, 2014, the principal amount of the Obligations[1] owing by Borrower to Lenders under and in connection with the Loan Agreement is approximately $237 million, plus continually accrued, accruing or chargeable interest, fees, costs and expenses owing to Agent and Lenders.

10. The Loan Agreement provides, among other things, that Condor granted a security interest to Agent for the benefit of Lenders, in, and the Obligations thereunder are secured by, all or substantially all of Condor's assets, including without limitation, all consumer loans, chattel paper, documents, back-up tapes, general intangibles, instruments, accounts,

---

1 All capitalized terms not herein defined shall of the meaning ascribed to them in the Loan Agreement.

deposit accounts, books and records and cash and non-cash proceeds with respect thereto (including amounts that were collected on such loan, whether or not deposited into the deposit account subject to the Deposit Account Control Agreement dated as of February 13, 2013 by and among Condor, Agent and Citibank, N.A. ("Citibank") with respect to certain Citibank accounts (the "Control Agreement")), and property pledged as collateral pursuant to a Collateral Pledge Agreement dated as of October 12, 2006 from Stephen Baron in favor of Agent for Lenders (the "Pledge Agreement"), collectively (the "Collateral").

11. Wells Fargo filed a UCC-1 Financing Statement (and amendments) in the office of the Secretary of State of New York on June 2, 2004, which names Condor as debtor and Wells Fargo (as Agent) as secured party, and which filed Financing Statement bears index number 200406020572475.

12. Upon the occurrence of an Event of Default under the Loan Agreement, Agent was empowered to exercise various rights and remedies available to it under the Loan Agreement, the Uniform Commercial Code and other applicable law to, among other actions, take possession of, realize on, dispose of, collect, and/or sell the Collateral.

13. On April 24, 2014, Wells Fargo as Agent sent a notice of default to Condor, stating that Condor was in default of Section 8.6 of the Loan Agreement by virtue of the fact that the Superintendent filed a Complaint against Condor.

14. On April 29, 2014, Wells Fargo as Agent sent another letter to Condor stating that Events of Default had occurred under Sections 8.2, 8.3 and 8.10 of the Loan Agreement.

15. Various Events of Default and Defaults have occurred and remain outstanding under the Loan Agreement, including, without limitation, pursuant to Sections 8.1, 8.2, 8.3, 8.6 and 8.10 of the Loan Agreement.

16. Pursuant to Section 9.1 of the Loan Agreement, all Obligations outstanding under the Loan Agreement became automatically due and owing as a result of Plaintiff's proceeding against Condor having continued undismissed or unstayed and in effect for a period of more than 30 days.

17. As of June 20, 2014, the principal sum of approximately $237 million, together with unpaid interest, charges, costs, expenses and attorneys' fees is immediately due and payable by Condor to Lenders, without defense, deduction or offset.

18. As a result of the foregoing and pursuant to the terms of the Loan Agreement and applicable law, Wells Fargo is permitted to take all action under the Loan Agreement and under the Uniform Commercial Code (including but not necessarily limited to U.C.C. §§ 9-609 and 9-610) to take possession of, realize on, dispose of, collect, and/or sell the Collateral.

19. On May 13, 2013, this Court appointed Denis O'Connor as a receiver over Condor's business.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

20. Wells Fargo incorporates the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. As a result of the execution and delivery of the Loan Agreement and the filing of the UCC-1 Financing Statement, Wells Fargo has a first priority perfected lien on and security interest in the Collateral.

22. Wells Fargo seeks a declaration of its first priority perfected lien on and security interest in the Collateral.

**SECOND CAUSE OF ACTION**
**(For Loan Balance)**

23. Wells Fargo incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. As a result of various Events of Default under the Loan Agreement, the outstanding loan balance became immediately due and owing pursuant to Section 9.1 of the Loan Agreement.

25. Wells Fargo seeks payment of the outstanding loan balance of approximately $237 million, together with unpaid interest, charges, costs, expenses and attorneys' fees due and owing by Condor.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment)**

26. Wells Fargo incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. As a result of various Events of Default under the Loan Agreement, Wells Fargo has the right to demand the turnover of cash collections with respect to the loan portfolio.

28. By virtue of Sections 3.4 and 9.1 of the Loan Agreement, the Uniform Commercial Code and other applicable law, as a result of the occurrence of Events of Default, Wells Fargo has the right, among other rights and remedies, to take immediate possession and direct all cash collections to be paid directly to Agent and require Condor to immediately turnover to Agent all collections received by it.

29. Wells Fargo seeks a declaration that it may exercise its right to demand the turnover of cash collections with respect to the Collateral.

**FOURTH CAUSE OF ACTION**
**(Declaratory Judgment)**

30. Wells Fargo incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. As a result of the Events of Default under the Loan Agreement, Wells Fargo has the right to exercise rights and remedies as specified in the Loan Agreement (including but not limited to taking possession of, realizing on, disposing of, collecting, and/or selling) the Collateral under the Loan Agreement, the Uniform Commercial Code and other applicable law.

32. Wells Fargo seeks a declaration that it may exercise its rights and remedies pursuant to the Loan Agreement, the Uniform Commercial Code and other applicable law, by, among other things, taking possession of, realizing on, disposing of, collecting, and/or selling the Collateral.

**FIFTH CAUSE OF ACTION**
**(Replevin of Collateral)**

33. Wells Fargo incorporates the allegations of paragraphs 1 through 32 this Complaint as if fully set forth herein

34. Various Events of Default have occurred under the Loan Agreement.

35. The Collateral is being withheld from Wells Fargo in derogation of its rights.

36. As a result, Wells Fargo is entitled to immediate possession of all Collateral.

WHEREFORE, Intervenor Wells Fargo prays the Court to:

a. Enter judgment in its favor and against defendant declaring under 28 U.S.C. § 2201:

1. Wells Fargo has a first priority perfected lien on and security interest in the Collateral;

2. Wells Fargo has the right to demand and obtain the turnover of cash collections with respect to the Collateral; and

3. Wells Fargo may exercise rights and remedies under the Loan Agreement, Uniform Commercial Code and/or other applicable law (including but not limited to taking possession of, realizing on, disposing of, collecting, and/or selling the Collateral).

b. Enter a judgment in its favor and against Defendant granting to Wells Fargo:

1. The amount of the outstanding loan balance (currently, approximately $237 million), together with unpaid interest, fees, costs and expenses to Wells Fargo and Lenders;

2. Immediate and unconditional access to and possession of all the Collateral pledged under the Loan Agreement, including without limitation, all consumer loans, chattel paper, instruments, documents, back-up tapes, general intangibles, books and records and cash and non-cash proceeds with respect thereto (including amounts that were collected on such loan, whether or not deposited into the deposit account subject to the Control Agreement), and property pledged as collateral pursuant to the Pledge Agreement;

2. The costs and disbursements incurred in this action;

3. Attorneys' fees and costs in accordance with Section 10.7 of the Loan Agreement; and

4. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 20, 2014

**BLANK ROME LLP**

By: ______________________
Harris N. Cogan
Michelle Gitlitz Courtney
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

-and-

Regina Stango Kelbon (*admitted pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500

*Attorneys for Intervenor Wells Fargo Bank, N.A.*