

**Denis O'Connor**
**Receiver**
**Condor Capital Corporation**
c/o Alix Partners, LLP
40 West 57th Street, 28th floor
New York NY 10019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/14
```

October 7, 2014

Hon. Colleen McMahon
United States District Judge
Southern District of New York
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

*10/8/14*
*Telephone Conference scheduled for*
*10/10/14 @ 9:45 am.*

*Colleen McM[ahon]*

RE: **BENJAMIN M. LAWSKY, Superintendent of Financial Services of the State of New York, v. CONDOR CAPITAL CORPORATION and STEPHEN BARON, Case No. 14-CV-2863 (CM)**

Dear Judge McMahon:        **MEMO ENDORSED**

I write to Your Honor regarding tax payments requested by Stephen Baron ("Baron"). Baron has requested that Condor Capital Corporation ("Condor") make tax payments totaling $126,102 to both federal and state tax authorities on Baron's behalf pertaining to rental income earned by OSER 165 LLC for the use of Condor's Hauppauge, NY office building in 2013.

OSER 165 LLC, a New York limited liability company, is 100% owned by Baron. As previously reported to Your Honor in a letter dated August, 13, 2014, there has been no historical practice of Condor paying OSER 165 LLC for rent, though an annual book entry was made for Condor's audited financial statements. Baron owes both federal and state taxes related to the rental income earned by OSER 165 LLC in 2013. Historically, Condor has paid Baron's related taxes and made a book entry for a receivable due from officer/affiliate.

The Preliminary Injunction and Order dated May 13, 2014 (the "Order") states that "Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons or

Hon. Colleen McMahon
United States District Judge
October 7, 2014
Page 2

entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation therewith who receive actual notice of this Order by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody, possession, management, or control by the Receiver of assets and documents, and are hereby temporarily restrained and enjoined from directly or indirectly... (c) Transferring, *receiving*, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Defendants or the Receiver." [paragraph 13, *emphasis* added]

However the order also provides that the Receiver "Make payments and disbursements from Defendants' assets that are necessary or advisable for carrying out the directions of, or exercising the authority granted by" the Order [paragraph 9(k)].

Baron has asserted to me that all of his material assets are tied up in Condor and that he has limited liquid assets available to make these tax payments. Baron has not been included in Condor's payroll since the date of my appointment as Receiver, and the only payments he has received from the assets of Condor are rental payments of $142,643 for the period of May 14, 2014 through October 31, 2014 (offset by certain expenses charged to the Condor American Express card).

Based on my review of Condor's records and Baron's personal income taxes, conversations with management, Condor's past practices and supporting calculations provided by Baron, I believe the payment of taxes in the amount described above is reasonable and advisable, pursuant to my authority pursuant to Section 9(k) of the Order. Because the Order also prohibits Baron from receiving assets in control of the Receiver, I feel it is the best course to advise the Court of my intention to pay Baron for the 2013 income taxes solely related to Condor's use of Baron's (Oser 165 LLC) building for which no 2013 rental payments were made by Condor.

Hon. Colleen McMahon
United States District Judge
October 7, 2014
Page 3


Very truly yours,

*Denis O'Connor*

Denis O'Connor
Receiver


CC:   Joy Feigenbaum, NYS Department of Financial Services
      Stephen Baron, Condor Capital Corporation
      Reggie Dawson, Wells Fargo Bank
      Counsel to all parties