```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/14
```

Denis O'Connor
Receiver
Condor Capital Corporation
c/o Alix Partners, LLP
40 West 57th Street, 28th floor
New York NY 10019

October 14, 2014

Hon. Colleen McMahon
United States District Judge
Southern District of New York
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **BENJAMIN M. LAWSKY, Superintendent of Financial Services of the State of New York, v. CONDOR CAPITAL CORPORATION and STEPHEN BARON, Case No. 14-CV-2863 (CM)**

## MEMO ENDORSED

Dear Judge McMahon:

As I reported in my Fifth Report to the Court, I executed an exclusivity agreement on September 20, 2014 with a financier to refinance Condor's Capital Corp. ("Condor")'s loan from Wells Fargo. On Friday evening, October 10, I was informed by the financier that they decided not to proceed with the proposed refinancing.

During the period from September 20 through October 10, the financier performed significant due diligence using specialists in consumer receivable valuations, accountants verifying receivable cash flows and other assets and liabilities, and significant legal due diligence regarding the collateral and Condor.

The financier attributed their decision to a number of broad issues relating to Condor's existing regulatory litigation and potential additional claims, certain operating and business practices, and a lack of certain financial data relating to the loan portfolio generally found at consumer finance companies of Condor's size.

Based on the broad nature of the issues raised by the financier, it appears unlikely that a refinancing with another party would be successful in the short term. I believe that these issues make a refinancing difficult given the on-going nature of a relationship between a lender and a company. However, I believe that a buyer of a portion of the portfolio, particularly a strategic buyer with industry experience, would be less concerned with these issues. Accordingly, I have contacted the parties with the previous highest bids for a sale of a portion of the portfolio and requested that they resubmit bids.

A partial sale of Condor's portfolio will preserve the going concern value of Condor and pay off the Wells Fargo credit facility. This allows Condor to retain a sizable portion of its assets (based on 09/30/14 data,

[Handwritten endorsement:] 10/15/2014 Thank you for this report. It appears the Receiver is following a prudent course. See the most [illegible] available.

October 14, 2014
Hon. Colleen McMahon
Page 2 of 2

I estimate a gross loan portfolio value after the sale of approximately $290 million), preserves jobs, and provides Condor with the flexibility in the future to pursue alternative sources of financing.

The downside of this course of action is a likely reduction to the equity value of the shareholder versus a refinancing. If the portfolio were to perform in the future, as it has in the past, a refinancing provides a better return to the shareholder than a partial sale of the portfolio because Condor retains the entire portfolio which pays a higher coupon than the costs of refinancing.

In light of the October 31, 2014 deadline to repay Wells Fargo and the unlikely short-term success of attempting another refinancing, I am negotiating a letter of exclusivity to move forward with a partial asset sale that will raise the funds needed to fully repay Wells Fargo. The party with the highest bid is a strategic buyer that is targeting November 4, 2014 as a closing date and will agree to be bound to a committed closing date of no later than November 14, 2014. My intention is to address the timing with Wells Fargo.

I can be reached at Condor Capital at (407) 358-6403 or on my cell phone at (917) 952-0270 if you need to discuss.

Very truly yours,

*Denis O'Connor*

Denis O'Connor

cc:   Joy Feigenbaum, NYS Department of Financial Services
      Stephen Baron, Condor Capital Corp.
      Reggie Dawson, Wells Fargo Bank
      Counsel to all parties