# SCHLAM STONE & DOLAN LLP

| | | |
|---|---|---|
| HARVEY M. STONE<br>RICHARD H. DOLAN<br>WAYNE I. BADEN<br>MICHAEL A. BATTLE<br>JAMES C. SHERWOOD<br>THOMAS A. KISSANE<br>BENNETTE D. KRAMER<br>JEFFREY M. EILENDER<br>JOHN M. LUNDIN<br>JONATHAN MAZER<br>ERIK S. GROOTHUIS<br>ROBERT L. BEGLEITER<br>ELIZABETH WOLSTEIN<br>DOUGLAS E. GROVER<br>BRADLEY J. NASH | 26 BROADWAY<br>NEW YORK, N.Y. 10004<br><br>(212) 344-5400<br>TELECOPIER: (212) 344-7677<br>www.schlamstone.com | PETER R. SCHLAM (1944-2005)<br><br>OF COUNSEL<br>RONALD G. RUSSO<br>STANLEY N. ALPERT<br>MARY W. ANDERSON<br>HILLARY S. ZILZ<br>VITALI S. ROSENFELD<br>ANDREW S. HARRIS<br><br>NIALL D. O'MURCHADHA<br>SAMUEL L. BUTT |

November 14, 2014

**VIA ECF AND FAX**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1640
New York, NY 10007

    Re:    *Lawsky v. Condor Capital Corporation and Stephen Baron*, No. 14 Civ. 2863 (CM)

Dear Judge McMahon:

    We represent Defendants Condor Capital Corporation ("Condor") and Stephen Baron. Consistent with the Court's orders, the Court-appointed Receiver (the "Receiver") is preparing to sell a portion of Condor's loan portfolio, on November 14, 2014. From those proceeds, the Receiver has indicated that he will pay approximately $161,500,000 to Intervenor, Wells Fargo, N.A. ("Wells Fargo" or "Intervenor") to fully repay Wells Fargo's line of credit to Condor.

    Despite repeated requests, the Receiver has declined to provide us or Mr. Baron, the 100% owner of Condor, with an opportunity to review the terms, contracts, or even basic bid proposal for the deal the Receiver struck with non-party Fortress to sell more than half the portfolio of loans currently owned by Condor. Nor has there been any indication that an accounting firm has been engaged to review the calculations. While the Receiver plainly has the authority to enter the transaction at issue, there is nothing in the existing orders that gives the Receiver the right to do so with no oversight at all.

    I am told that the purchase price for performing, fixed-income investments is generally the sum of (1) a percentage of the then-outstanding principal balance, plus (2) accrued and unpaid interest. This is especially the case for monthly-pay instruments, since the interest is payable within 30 days' of the purchase date, so there is *de minimus* credit risk and no reason to apply a "time value of money" discount rate. Based on the very bare information that has been provided to date, this ordinary-course formulation has not been used in this transaction.

The Receiver submitted to the Court a Proposed Order seeking "belts and suspenders" coverage for this opaque transaction which included a finding that "the sale procedures specified in 28 U.S.C. §2001 and/or 2004 have either been satisfied or are waived." Section 2001(b) provides:

> (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

Nothing even remotely like those protections exist with respect to the November 14, 2014 sale. To the contrary, it would appear that this transaction has not been subject to any scrutiny beyond the Receiver and Fortress, far less the very basic features of notice provided for in the Federal Rules.

For these reasons, we request that the Court direct the Receiver to provide us and Defendants with a complete copy of the asset purchase agreement between the purchasers and Condor, as well as a loan file containing all information used to determine the purchase price.

Respectfully,

Richard Dolan

cc:   All counsel of record