# NIEHAUS LLP

**Paul R. Niehaus**
Tel: (212) 631-0223
Fax: (212) 624-0223
E-mail: pniehaus@niehausllp.com

750 Lexington Avenue
25th Floor
New York, NY  10022

November 17, 2015

<u>By ECF</u>
The Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    <u>*Lawsky v. Condor Capital Corp. and Stephen Baron*</u>
             <u>U.S. Dist. Ct., S.D.N.Y. No 14-civ-2863(CM)</u>

Your Honor:

      I represent defendant Stephen Baron as special conflicts counsel in the above-referenced matter, and write to address the applications (or lack thereof) for professional fees from Receiver Denis O'Connor (the "Receiver") and his attorneys, Baker & Hostetler LLP ("Baker").

      The Second Circuit's standards for reviewing fee requests by receivers and their professionals are well-established.  "In considering applications for compensation by receivers and their attorneys, the courts have long applied a rule of moderation, recognizing that 'receivers and attorneys engaged in the administration of estates in the courts of the United States . . . should be awarded only moderate compensation.'"  *S.E.C. v Byers*, 590 F. Supp. 2d 637, 645 (S.D.N.Y. 2008), *citing In re New York Investors, Inc.*, 79 F.2d 182, 185 (2d Cir. 1935).  Furthermore, "[c]ourts should take particular care to scrutinize fee applications 'to avoid even the appearance' of a windfall."  *Id., citing S.E.C. v. Goren*, 272 F. Supp. 2d 202, 206 (E.D.N.Y. 2003), and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 469 (2d Cir. 1974).  In order for this requisite "scrutiny" to occur, "contemporaneous time records are a prerequisite for attorneys' fees in this Circuit."  *New York Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)  ("any attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records.").

      In determining appropriate compensation for a receiver and professionals retained by the receiver, courts may apply: (i) the percentage of recovery method, or

(ii) the lodestar method.  *Goren*, 272 F. Supp. 2d at 206, *citing Goldberger v. Integrated Resources, Inc.,* (2d Cir. 2000).  Because the full results of a receivership cannot be known until it is completed, interim requests for compensation should generally be governed by the lodestar method.  *See, Byers*, 590 F. Supp. 2d at 644.  Using the lodestar method, "the district court 'scrutinizes the fee petition to ascertain the number of hours reasonably billed and then multiplies that figure by an appropriate hourly rate.'"  *Goren*, 272 F. Supp. 2d at 26, *citing Goldberger*, 209 F.3d at 47.  Hours that are excessive, redundant, or otherwise unnecessary are not 'reasonably expended,' and should thus be excluded from the initial fee calculation.  *Byers*, 590 F. Supp. 2d at 644, *quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

District courts of the Second Circuit have not been reluctant to reduce, or deny altogether, fee requests that do not comply with the above requirements.  *See Goren*, 272 F. Supp. 2d at 215 (receiver's requested compensation reduced by 60%, and his hired professionals' fees by 30%); *Carey*, 711 F.2d at 1146 (30% reduction); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (40% reduction).  Indeed, in *S.E.C. v. Northshore Asset Management*, No. 05-civ-2192(WHP), 2009 WL 3122608 (S.D.N.Y. Sept. 29, 2009), Judge Pauley ordered Kaye Scholer LLP to *disgorge* $3.3 million in fees already received.  Perhaps the most comprehensive recent treatment of the subject was set forth by Judge Chin in a series of opinions.  *See, e.g., Byers*, 590 F. Supp. 2d 637; *S.E.C. v. Byers*, 08 Civ. 7104(DC), 2014 WL 7336454 (S.D.N.Y. Dec. 23, 2014) ("*Byers II*").  In those opinions, Judge Chin closely examined the legal bases for reviewing and awarding fees to receivers and their professionals.  He then created a structure of partial payments and holdbacks designed to ensure that the compensation received was "moderate," did not give the "appearance of a windfall," and did not unfairly denude the estate of assets.  *See generally, Byers II* (denying request for $1.25 million in compensation and $3.44 million in holdbacks to the receiver's financial consultants; denying Deloitte LLP's request for $750,000 in holdbacks; denying other applications in their entirety, and granting partial payment of other legal fees and holdbacks).

Neither the Receiver's compensation requests, nor his attorneys' meet these criteria.  Over the course of his receivership, the Receiver and his company, Alix Partners, have received virtually 100% of their requested fees and expenses, totaling over $4.5 million.  These fees, however, have been billed on the basis of a flat weekly rate.  At no time has the Receiver provided either element of the lodestar calculation – hourly rates and a breakdown of hours spent.  To the extent that the Receiver has provided any descriptions, they are inappropriate "block billing" that neither constitute "contemporaneous time records," nor provide the requisite level of detail to permit the Court to "scrutinize" the fee petition.  For example, four Alix employees claim 126.8 total hours devoted to "2. Operations: Analyze Collections, Servicing, Disbursements & Compliance."  There is no

indication of what titles the employees hold, what their hourly rates may be, when they purportedly addressed "Operations," or what specific tasks were performed by which individuals. In short, this entry provides no means for the Court to analyze whether appropriate fees are being paid for appropriate work. Alix Partners has now been paid $4.5 million to disburse approximately $10 million (plus $3.5 million in interest), and is continuing to rack up ill-defined fees at the rate of $300,000 per month. These fees are not "moderate" or "reasonable," and certainly give the appearance of a windfall for Alix Partners.

Even more troubling, it does not appear that the Court has ever been provided an opportunity to review Baker's bills as required by *Carey*. Baker has been paid almost $1.4 million, with absolutely no oversight. At no point has the Court been provided information to perform an appropriate lodestar analysis. We respectfully request that the Court order Baker to submit its bills to date so that they may be properly "scrutinized" by the Court.

Mr. Baron recognizes that certain fees are appropriate and inevitable, within the guidelines established by the courts. He further recognizes that a small portion of the fees were incurred by the Receiver and Baker in the course of the portfolio sales and in litigation with Defendant. Such is the adversarial process. However, fees paid to the Receiver and his counsel in this matter are rapidly approaching the total amount refunded to Condor's customers. And the continued accrual of fees at the same rate as the beginning of the litigation is simply not reasonable. We again respectfully object to the fees being paid, and request that the Court authorize only such "moderate" compensation as is reasonable and properly documented.

Respectfully Submitted,

Paul R. Niehaus

**Copies to:**

All Counsel via ECF