**SCH**
**SCHINDLER COHEN & HOCHMAN** LLP

100 Wall Street, 15th floor / New York, N.Y. 10005 / t.(212) 277 6300 / f.(212) 277 6333 / www.schlaw.com

Richard J. Bettan
(212) 277 6319
rbettan@schlaw.com

January 29, 2016

**BY ELECTRONIC FILING**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 1640
New York, NY 10007-1312

      Re:    *Emami v. Condor Capital Corp.*, Index No. 14-cv-2863 (CM)

Dear Judge McMahon:

      We write on behalf of the Superintendent of Financial Services of the State of New York in response to Defendant Stephen Baron's January 29, 2016 letter requesting that the Court order the Receiver to cease his efforts to sell the charged-off portion of Condor's loan portfolio that was carved out of the Och-Ziff transaction.

      On December 23, 2015, this Court issued an Order stating in relevant part: "*This Court will consider* any interference by Defendant Baron with the consummation of the Agreement, any violation of this Order, or any other act by Defendant Baron in opposition to or frustration of the Final Consent Judgment – including but not limited to any additional court filings seeking to hinder, delay, or otherwise thwart the Sale Order, the work of the Receiver or the TPA – an act of Civil Contempt of Court warranting any and all necessary and appropriate sanctions." December 23, 2015 Order Approving the Sale of the Loan Portfolio, Directing Baron to Take Steps to Effectuate the Sale and Enjoining Certain Claims ¶7.

      Under the Final Consent Judgment, the Receiver is required to sell Condor's remaining loan portfolio. Defendant Baron's January 29, 2016 letter requesting that the Court order the Receiver to cease his efforts to sell the charged-off portion of Condor's loan portfolio constitutes "an act… in opposition to or frustration of the Final Consent Judgment – including but not limited to any additional court filings seeking to hinder, delay or otherwise thwart… the work of the Receiver." We therefore respectfully request that the Court find that Defendant Baron is in Civil Contempt and impose all necessary and appropriate sanctions.

                                        Respectfully submitted,

                                        Richard J. Bettan

cc:    Counsel of Record (*by ECF*)