UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
MARIA T. VULLO, Acting Superintendent
of Financial Services of the State of New
York,

          Plaintiff,

    -against-

CONDOR CAPITAL CORP. and STEPHEN
BARON,

          Defendants.
---------------------------------------------------------- X

14 Civ. 2863 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2022

### ORDER APPROVING RECEIVER'S LEGAL AND EXPENSES
### FOR THE PERIOD DECEMBER 2020 THROUGH DECEMBER 2021

WHEREAS, on April 23, 2014, pursuant to 12 U.S.C. § 5552, the Superintendent of Financial Services of the State of New York ("Superintendent") filed a complaint ("Complaint") alleging that Condor Capital Corp. ("Condor") and Stephen Baron violated the Dodd-Frank Wall Street Reform and Consumer Protection Act and that Condor violated the New York Financial Services Law and the New York Banking Laws by various wrongful actions (ECF No. 2);

WHEREAS, on May 13, 2014, this Court entered an order granting the Superintendent's motion for preliminary injunction and appointing Denis O'Connor as Receiver of Condor (the "Receiver") (ECF No. 64);

WHEREAS, on November 28, 2016, this Court entered an order that approved the Receiver's final report, discharged the Receiver, and terminated the Receivership in this matter as the Receiver had fully performed his duties, responsibilities, and obligations as Condor's Receiver (the "Termination Order") (ECF No. 332);

WHEREAS, the Termination Order authorizes a litigation reserve of $1 million from Condor's assets, in effect for six years through November 27, 2022, to reimburse any litigation costs or expenses incurred by the Receiver, AlixPartners LLP, and/or the Receiver's retained professionals, including his legal counsel, Baker & Hostetler LLP, in defending any litigation that arises from this Receivership for which there is no finding of liability (the "Litigation Reserve Fund") (*Id.* ¶ 14);

WHEREAS, on December 27, 2016, Baron appealed the Termination Order to the Second Circuit Court of Appeals (ECF No. 333);

WHEREAS, on November 2, 2017, after all parties fully briefed and argued the merits of Baron's appeal, the Second Circuit Court of Appeals entered a Summary Order affirming in all respects the Termination Order;

WHEREAS, on January 24, 2022, the Receiver, in accordance with paragraph 14 of the Termination Order, submitted an application seeking approval of his and AlixPartners LLP's fees and expenses for the one-year period from December 29, 2020 through December 16, 2021 that resulted from its representation of the Receiver on certain legal issues (the "Application");

WHEREAS, the Receiver submitted to the Court, for in camera inspection, the time records that correspond to the Application; and

WHEREAS, the Court has sole jurisdiction to hear and resolve any application for reimbursement submitted by the Receiver in connection with this Receivership.

Upon consideration of the Application and the entire record of this Receivership, due deliberation having been had thereon and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The $2,150.00 in fees of the Receiver and AlixPartners LLP, as outlined in the Application, corresponding time entries, and in the Receiver's January 24, 2022 letter, are reasonable and appropriate based on the extent, nature, and value of the services rendered, and the cost of comparable services, and should be reimbursed from the funds in the Litigation Reserve Fund pursuant to paragraph 14 of the Termination Order;

2. This Court retains sole jurisdiction to hear and resolve any disputes or claims relating to, or arising from, this Receivership.

SO ORDERED.

On this 25 day of January 2022.

_____
UNITED STATES DISTRICT JUDGE
United States District Court
Southern District of New York